UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| REGIONAL TRANSIT AUTHORITY TRANSIT SERVICES, INC., D/B/A RTA TRANSIT SERVICES,<br>Plaintiff,<br><br>v.<br><br>AMALGAMATED TRANSIT UNION, WORCESTER LOCAL 22,<br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT** |

## INTRODUCTION

1.  This action arises out of the demand for arbitration filed by Defendant Amalgamated Transit Union, Worcester Local 22 (the "Union"), purportedly under the grievance arbitration procedures set forth in the collective bargaining agreement between the Union and Plaintiff Regional Transit Authority Transit Services, Inc., d/b/a RTA Transit Services ("RTA"). The Union's demand concerns a grievance it filed on behalf of one its members, Edward Rossi, in which the Union alleges that the RTA violated the collective bargaining agreement between the parties by demoting Mr. Rossi following an investigation into his conduct at work. The terms of the collective bargaining agreement, however, do not define demotions as a form of discipline that is subject to arbitration. As such, the RTA requests that the Court: (1) enter a declaratory judgment that the Union's grievance is not arbitrable; and (2) enter an order permanently staying the arbitration of the Union's grievance.

## PARTIES

2. The RTA is a Massachusetts corporation with its principal place of business located in Worcester, Massachusetts. Pursuant to a contract with the Worcester Regional Transit Authority, RTA provides bus and van transportation services to the public in the greater Worcester, Massachusetts area. RTA is an employer within the meaning of the Labor Relations Management Act, 29 U.S.C. §§141 et seq.

3. The Union is a labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. §§141 et seq. The Union is the exclusive bargaining representative for those RTA employees in the transportation, maintenance, and clerical divisions of the RTA, excluding executives, General Foreman, and other certain employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, because this matter concerns the declaration of rights under a collective bargaining agreement between a private employer and a labor organization.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 40.1(D)(1)(a) of the United States District Court for the District of Massachusetts.

## FACTS

### Terms of the Collective Bargaining Agreement

6. On or about November 26, 2010, the RTA and the Union entered into a collective bargaining agreement, effective for the period July 1, 2010, through June 30, 2012 (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

7. Article I (A) of the Agreement, the Management Rights provision, states "[a]ny rights not specifically modified by the contract shall be retained by the Company."

8. Article II (A) of the Agreement defines discipline as the following actions: "written warnings, suspensions and terminations." The Agreement does not define demotions as a form of discipline.

9. Article III of the Agreement outlines the three-step grievance and arbitration process the parties agreed to follow in resolving disputes arising under the Agreement, including disputes over discipline issued.

10. Article III provides the following, in pertinent part:

> This grievance procedure shall apply to all disputes arising between the Union and the Company, whether any such dispute occurs as the result of a complaint by an individual member of the Union or a complaint by the Union itself.... In reducing a dispute to writing, the following information must be stated with reasonable clearness: the exact nature of the grievance ... *the specific sections of the Agreement alleged to have been violated*, and the remedy which is sought. (emphasis added).

11. Article IV of the Agreement outlines the procedures for arbitration and limits the arbitrator's authority as the following:

> [t]he arbitrator shall have no power to add to, subtract from or modify this Agreement, and may only interpret such items and determine such issues/disputes as may be submitted to him or her by the parties.

### Events Leading to Demand for Arbitration

12. Mr. Rossi is a collective bargaining unit member represented by the Union and an RTA employee.

13. Prior to May 7, 2011, Mr. Rossi worked as a Starter/Inspector, a supervisory position, for the RTA.

14. In mid-April, 2011, the RTA discovered that Mr. Rossi had been repeatedly arriving to work late, going home during the workday for unauthorized breaks, departing work early without approval from management, and generally failing to fulfill his responsibilities as a supervisor.

15. Pursuant to the Agreement, the RTA attempted to advise Mr. Rossi of these charges on Monday, April 18, 2011, but he was not available.

16. On or about April 19, 2011, the RTA met with Mr. Rossi in the presence of the Union business agent, Chris Bruce, and informed him of the charges. The RTA also provided Mr. Rossi with a written copy of the charges. A true and accurate copy of the charges is attached hereto as **Exhibit B**.

17. In a subsequent meeting with the RTA and Union personnel during the investigation of the charges, Mr. Rossi admitted to the conduct for which he was charged.

18. The RTA then reviewed Mr. Rossi's conduct and after taking into account his years of service, decided to demote him to the position of Bus Operator.

19. On or about May 5, 2011, the RTA informed Mr. Rossi of the demotion and provided him with the written findings from its investigation. A true and accurate copy of the RTA letter outlining its findings is attached hereto as **Exhibit C**.

20. On or about May 18, 2011, the Union filed a grievance concerning the demotion. In the grievance, the Union asserted that the "discipline was administered with total disregard for the CBA page 10 Discipline." A true and accurate copy of the grievance is attached hereto as **Exhibit D**.

21. The RTA denied the grievance at both Steps 1 and 2. True and accurate copies of the Steps 1 and 2 denials are attached hereto as **Exhibits E** and **F** respectively.

22. On or about June 30, 2011, the Union filed a Demand for Arbitration of its grievance with the American Arbitration Association in which it alleges, "[d]iscipline (demotion) not administered according to CBA." A true and accurate copy of the Demand for Arbitration is attached hereto as **Exhibit G**.

23. The matter is currently scheduled for a hearing before an arbitrator on December 16, 2011.

## COUNT I
## DECLARATORY JUDGMENT

24. The RTA repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. The Agreement's definition of discipline does not include demotion.

26. The Union can grieve only those matters defined as discipline under the terms of the Agreement.

27. Where the RTA takes action that does not fall within the definition of discipline in the Agreement, the Union cannot file a grievance or be heard at arbitration because such actions are reserved to management under the express terms of the Agreement.

28. The parties did not agree to make demotions subject to the grievance and arbitration process of the Agreement.

29. An actual case or controversy exists with respect to the rights of the parties under the Agreement. This Court should declare the rights of the parties under the Agreement.

WHEREFORE, the RTA requests that the Court:

A. Determine that the Union's claims are not arbitrable under the terms of the Agreement;

B. Enter an order permanently staying the arbitration; and

C.    Enter such further order and relief as is necessary and just.

Respectfully submitted,
**REGIONAL TRANSIT AUTHORITY TRANSIT SERVICES, INC., DBA RTA TRANSIT SERVICES, INC.**

By its attorneys,

/s/ Kimberly A. Rozak
Kim Rozak, Esq., BBO # BBO #552807
Michael P. Murphy, Esq., BBO #654053
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: November 28, 2011